IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY WOODING,                              )
                                            )
            Plaintiff,                      )
   -vs-                                     )
                                              Civil Action No.  05-1681
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Defendant.                      )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

The Defendant United States of America ("the Government") has filed a Motion for Summary Judgment. (Docket No. [51]) with respect to the remaining issue of misrepresentation.  Because I have already issued an Opinion and Order addressing two Motions for Summary Judgment (see Docket No. [40]) and a Memorandum Opinion on a Motion for Reconsideration (see Docket No. [48]), I will limit my discussion to the salient facts.[1]

Plaintiff Henry L. Wooding ("Wooding")  filed an administrative tort claim with the Department of Veterans Affairs ("DVA") pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., on May 7, 2003.  In that claim, Wooding explained that he had undergone spinal surgery and that his abdominal peritoneum had been breached during such surgery.[2]  He referenced a "breach of the proper standards of medical care" and "medical negligence" in the claim.  On

_____

[1] The standard of review governing motions for summary judgment, which is referenced in my earlier Opinion, is applicable here.

[2] Surgery was performed on June 13, 2001.

March 11, 2005, Wooding's counsel sent a letter to the VA agency wherein he sought to amend that claim.  In the letter, counsel for Wooding explained that the physician who had performed the surgery had misrepresented his experience and credentials.  On February 1, 2006, the VA issued a denial letter, referencing only the negligence cause of action.  Wooding thereafter commenced this action.  I have granted summary judgment in favor of the Government on Wooding's claim for malpractice and Wooding is no longer pursuing his claim of informed consent.  The only remaining claim is one for misrepresentation.

The Government contends that I have no jurisdiction over Wooding's misrepresentation cause of action because it was not timely filed at the administrative level.  Section 2401(b) of the FTCA governs the timing of filing claims at the administrative level.  This section provides, in relevant part, that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...
> .

28 U.S.C. § 2401(b).   According to the Government, Wooding's "claim" of misrepresentation would have expired sometime by the end of Summer of 2003 (Wooding apparently learned of the physician's alleged misrepresentation sometime during the Summer of 2001).  Because the claim was not amended until 2005 - long after the two year statute of limitations ran - the Government reasons, it is entitled to the entry of summary judgment in its favor.

I reject the Government's contention.   The contention rests upon a misreading of the word "claim."   Under the Government's theory, "claim" is

2

equivalent to "cause of action" or "legal theory."  Yet the word "claim" as used in the statute of limitations provision relied upon by the Government is defined in the supporting regulations in a different manner:

> [a] For purposes of the provisions of 28 U.S.C. § 2401(b), 2672, and 2675, <u>a claim shall be deemed to have been presented when a Federal agency receives from a claimant</u>, his duly authorized agent or legal representative, <u>an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain</u> for injury to loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of this authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added).  Thus, the Regulations define "claim" broadly, and as consisting (generally) of a presentation by the claimant to the appropriate Federal agency of an executed Standard Form 95 and a demand of a sum certain. The term "claim" is used in a manner akin to "demand" or "complaint," rather than as something as narrow as a "legal theory" or "cause of action." <u>See</u> <u>Murrey v. United States</u>, 73 F.3d 1448, 1451 (7th Cir. 1996) (stating that "'claim' as used throughout the civil rules is short for 'claim for relief,' Fed. R. Civ. P. 8(a), whereas 'claim' in the Tort Claims Act may carry its ordinary-language meaning of demand. (The tort claimant is required to demand money damages in a 'sum certain.' 28 C.F.R. § 14.2(a); <u>Manko v. United States</u>, 830 F.2d 831, 840 (8th Cir. 1987).) A 'claim' under the civil rules is embedded in a complaint, which also contains a demand for relief.  The free-standing 'claim' to which the Tort Claims Act refers is the counterpart of the

3

complaint, rather than of the claim, under the civil rules."); <u>see also</u>, <u>Nelson v. United States</u>, 541 F. Supp. 816, 818 (M.D. N.C. 1982) (construing the word "claim" as used in 28 U.S.C. § 2675(a) - which is explicitly referenced in § 14.2(c) - by noting that "[t]he 'claim' required by Section 2675(a) is not the equivalent of a 'legal cause of action' which the plaintiff's attorney may articulate at trial.").

In light of the definition of "claim" as set forth in the regulation, and as Judge Posner understood that definition as explained in <u>Murrey</u>, the Government's contention that Wooding was required to file one claim for malpractice and one claim for misrepresentation (and presumably another for informed consent) is unpersuasive.  Rather, § 2401(b) and § 14.2(a) required Wooding to submit one claim with respect to the "incident."[3] There is no dispute that Wooding complied with 28 U.S.C. § 2401(b) when he filed his Standard Form 95 within two years of the surgery. He presented it to the appropriate Federal agency.  He demanded a sum certain. He briefly described the incident and he signed the form as claimant.  He was not required to include particular legal theories.   Neither the statute, nor the regulations define "claim" in this manner. <u>See</u> <u>Murrey</u>, 73 F.3d at 1452 (stating that "Standard Form 95 resembles a civil complaint in not requiring a statement of legal theories, but differs in requiring a detailed statement of facts.  It is in this respect more demanding, more 'formal' if you will, than the civil rules - a throwback, perhaps, to the era of 'fact pleading' that preceded the adoption of those rules. But

---

[3]I understand the "incident," as referenced in the regulation, here to be the injuries associated with the surgery in general.  Significantly, the Government does not argue that there are two separate "incidents" here - one incident involving the surgery itself and one incident involving the conversations about the physician's experience and credentials.

as no statement of legal theories is required, only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts.").

To the extent that Wooding was required to plead <u>facts</u> which would have put the Government on notice of the alleged misrepresentation, I find that he did so by means of the March 2005 letter from counsel.  The letter clearly sets forth facts indicating that Wooding believed that the physician who performed the surgery had not fully disclosed his credentials.  Wooding's "claim" was amended in this manner by virtue of 28 C.F.R. § 14.2(c), which provides, in relevant part, that:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(c) … .

28 C.F.R. § 14.2(c).  There is no dispute that the letter from Wooding's counsel was submitted prior to final agency action.  Accordingly, I find that § 14.2(c) permitted Wooding to amend his claim by submitting additional facts which put or should have put the Government on notice of the physician's alleged misrepresentation.

In so holding, I note that the Government has not identified a single case, nor has independent research revealed one, where a claimant who had timely submitted a Standard Form 95 with respect to a particular incident, and who had submitted, prior to final agency action, an amendment pursuant to § 14.2(c) of that Form setting forth additional facts relating to that incident, was not permitted to pursue a particular legal theory which would have arisen from those additional facts. Indeed, the cases proffered by the Government are not persuasive.  First, they do

not address the meaning of the word "claim" as used in § 2401(b) and § 14.2.  As stated above, "claim" in the statute and regulation is not the equivalent of a "legal theory" or "cause of action."  Second, the majority of those cases discuss the concept of "relation back" - a doctrine not argued by Wooding here.  Third, and most critically, the cases involve attempts to inject new legal theories asserted by new claimants.  This is a vital distinction, not because of a new legal theory but because individuals who had not timely filed a Standard Form 95, and thus who had never complied with § 2401(b) as a claimant, were attempting to assert causes of action.  See Withrow v. United States, Civ. No. 5-152, 2005 WL 2403730 at * 4 (E.D. Ky. Sept. 28, 2005) (considering "the issue of whether an amended administrative claim filed with the appropriate agency after the expiration of the statute of limitations relates back to a timely filed administrative claim," where an amendment was made after final agency action - and thus could not have been pursuant to § 14.2(c) - and finding that such a claim would not relate back, because to permit otherwise would allow "persons not parties to the original claim, like the Withrow children and Mrs. Withrow individually, [to] simply be added to the amended claim after the expiration of the limitations period and, in effect, completely avoid the statute's requirement."); Manko v. United States, 830 F.2d 831 (8th Cir. 1987) (finding that a district court had properly denied the claimant's attempt to file an amended complaint in the district court - not at the administrative level - to add his wife as a co-plaintiff and include her claim of loss of consortium because her claim was barred under § 2401(b) because, though she had filed her own claim at the

administrative level rather than being added by virtue of an amendment to her husband's claim, the claim had not been filed in a timely manner); and <u>Lee v. United States</u>, 980 F.2d 1337, 1339-40 (10<u>th</u> Cir. 1992) (affirming a district court's opinion and order for "substantially the same reasons set forth in the district court's Memorandum Opinion and Order," wherein the district court rejected the notion that § 14.2(c) could be used to amend an administrative claim more than two years after the incident for which compensation was sought, and observing that "[t]he regulation makes no mention of amending the complaint to add <u>new parties</u>... . <u>Allowing the plaintiffs to amend the complaint that would add two new parties</u> three years after the claim accrued would defeat" the purpose" of presenting claims to the United States for prompt resolution) (emphasis added).

I recognize that the FTCA constitutes a waiver of sovereign immunity. I further recognize that such waivers must be strictly construed. <u>See</u> <u>United States v. Bein</u>, 214 F.3d 408, 412 (3d Cir. 2000) (citations omitted). Nevertheless, the purpose of requiring an administrative filing under the FTCA is "to ease court congestion and to avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 1327, 89<u>th</u> Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S. Code Cong. & Ad. News 2515, 2516. Though the Opinion was later vacated and a hearing en banc granted, I nevertheless find persuasive the Fourth Circuit Court's comment in <u>Drew v. United States</u>, 217 F.3d 193, 199 (4<u>th</u> Cir. 2000), vacated, reh'g en ban. granted (Sept.

8, 2000), aff'd without opinion, 231 F.3d 927 (4th Cir. 2000):[4]

> [t]he presentment requirement of the FTCA confers upon the Government an advantage most prospective tort defendants lack: an opportunity for informal fact-gathering and deliberate reflection. ... In recognition of this freedom from litigation by ambush on which Congress has conditioned the sovereign's waiver of immunity, it is incumbent upon the courts to encourage the sovereign's agents to proceed as its lawmakers have evidently intended. Liability in a given situation cannot be thoroughly and thoughtfully assessed without accurate and complete information; the Government must therefore be charged with the duty to reasonably pursue the relevant facts, rather than being permitted to fall back on a few typed sentences appearing on a pre-printed form.

Drew, 217 F.3d at 199.  Thus, the Government's suggestion that it is somehow meaningful that the VA's denial letter did not reference misrepresentation is not persuasive.  Wooding gave the VA notice of the facts and circumstances surrounding the alleged misrepresentation well before final agency action.  The Government was under a duty to "reasonably pursue the relevant facts."  Wooding should not be held accountable for its failure to do so.  Further, the Government did not deny a misrepresentation claim at the administrative level on the basis of untimeliness.  Indeed, it simply made no mention of the claim at all.

In short, I find that the Government has not discharged its burden of demonstrating that it is entitled to the entry of summary judgment.  It has argued that "claim," as that term is used in the relevant statute of limitation and the

---

[4] On rehearing, the Fourth Circuit Court was equally divided, but affirmed the judgment without written opinion.

supporting regulation, is the equivalent of a "legal theory" or "cause of action." I disagree with its position in this regard. I find the more appropriate definition to be akin to "complaint" or "demand." Wooding unquestionably submitted a Standard Form 95 making a demand or complaint with respect to the incident in question - the surgery and its attendant circumstances. That Form was filed within two years as required under the relevant statute of limitations. Though the original Form did not include a recitation of facts relating to the alleged misrepresentation, Wooding timely amended this demand or complaint pursuant to § 14.2(c), prior to final agency action. Consequently, I find that I do have jurisdiction over Wooding's current cause of action for misrepresentation.

**************************

ORDER OF COURT

AND NOW, this **13**<sup>th</sup> day of July, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion for Summary Judgment (Docket No. [51] is DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

9