IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WOODING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  -vs- | ) |
| | )  Civil Action No. 05-1681 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

AMBROSE, Chief District Judge.

### MEMORANDUM OPINION AND ORDER OF COURT[1]

On July 13, 2007, I entered an Opinion and Order of Court denying Defendant's Motion for Summary Judgment on the remaining issue of misrepresentation. See Docket No. [57]. The Defendant United States of America ("the Government") has now filed a Motion for Reconsideration of the same. See Docket No. [59]. Plaintiff Henry Wooding ("Wooding") has filed a Response. See Docket No. [60].[2] The Motion is DENIED.

To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the

---

[1] Given the numerous Opinions issued on this case, the parties are presumed familiar with the underlying facts and procedural history and the same will not be set forth herein.

[2] The Government purported to file a Reply to Plaintiff's Response. See Docket No. [61]. The Government did not seek or obtain permission for the filing of the Reply, however, in accordance with my Rules and Procedures, which are presented to counsel at the commencement of each case and which are available on the Internet. Consequently, I will not consider the arguments advanced therein.

availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Despite submitting a ten page brief in support of its Motion for Reconsideration, the Government failed to identify this standard. Nor did it specify upon which basis it was seeking reconsideration. Nevertheless, because the Government has not identified any intervening change in the controlling law, and because the Government has not made this Court aware of the availability of any new evidence, I must presume that the Government believes that reconsideration is required to correct a manifest injustice stemming from a clear error of law or fact.

The Government's burden in this regard is heavy:

> [w]here the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. Cataldo v. Moses, 361 F. Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. Federico v. Chaterers Mut. Assur. Ass'n., 158 F. Supp.2d 565, 578 (E.D. Pa. 2001).

Payne v. DeLuca, Civ .No. 2-1927, 2006 WL 3590014 at *1-2 (W.D. Pa. Dec. 11, 2006).

The Government's "manifest injustice" argument rests upon two bases: (1) that

the Court mistakenly believed that the Government did not advance a particular argument; and (2) that the Court mistakenly believed that the Government did not identify a case on point. I reject both contentions. I was not mistaken in any manner as to what the Government did argue. Nor did I misinterpret the case the Government offers as on point.

As to the first point, the Government contends that it advanced an argument regarding Wooding's compliance with the requirement of Standard Form 95 as that Form interprets the word "incident." A review of the Government's Memorandum makes it abundantly clear that no such argument was ever advanced. Indeed, there is no discussion of Standard Form 95 or of what "incident" precisely means.

Rather, the Government's argument focused upon when a "claim" accrues under 28 U.S.C. § 2401(b) and how that claim can then be amended pursuant to 28 C.F.R. § 14.2(c). The Government argued that Wooding's "claim" for misrepresentation was untimely because it was not timely filed nor amended. In my Opinion and Order, I reviewed the statutory and regulatory language, and explained that "claim" as used in § 2401(b) and § 14.2(c) meant something entirely different than the meaning advanced by Wooding. Significantly, the Government has not disagreed with my construction in this regard. The Government's current attempt to recast its argument that Wooding was required to file separate administrative "claims" as one that he was required to submit separate Standard Form 95s is unpersuasive. It is a new argument and inappropriate in the context of a Motion for Reconsideration.

As to the second point, the Government contends that it submitted a case directly on point - that of <u>Withrow v. United States</u>, Civ. No. 5-152, 2005 WL 2403730 (E.D. Ky. Sept. 28, 2005). I disagree. The <u>Withrow</u> case is not factually on point. Here, Wooding is the only claimant who ever attempted to inject new causes of action into the case by way of amendment, pursuant to 28 C.F.R. § 14.2(c), before final agency action. By contrast, in <u>Withrow</u>, the estate was the only claimant to the timely filed claim; Mrs. Withrow and her children attempted to inject themselves as parties to the administrative action and assert causes of action after final agency action. As such, the case is distinguishable.

As stated above, the Government has not met its burden of demonstrating that the Court committed a manifest error of fact or law in its previous ruling. Consequently, this **31st** day of July, after careful consideration and for the reasons set forth within, it is Ordered that the Motion for Reconsideration (Docket No. 59) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

4