IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WOODING, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1681 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

### MEMORANDUM OPINION and ORDER[1]

Plaintiff Henry L. Wooding ("Wooding") filed an administrative tort claim with the Department of Veterans Affairs ("DVA") pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. In that claim, Wooding explained that he had undergone spinal surgery and that his abdominal peritoneum had been breached during such surgery.[2] He referenced both a "breach of the proper standards of medical care" and "medical negligence." On March 11, 2005, Wooding's counsel sent a letter to the VA agency wherein he sought to amend that claim. In the letter, counsel for Wooding explained that the physician who had performed the surgery had misrepresented his experience and credentials. On February 1, 2006, the VA issued a denial letter, referencing only the negligence cause of action. Wooding thereafter commenced this action.

---

[1] Because I have already issued Opinions and Orders addressing multiple Motions for Summary Judgment and Memorandum Opinions on Motions for Reconsideration, I will limit my discussion to the salient facts.

[2] Surgery was performed on June 13, 2001.

I have granted summary judgment in favor of the Government on Wooding's claim for malpractice and Wooding is no longer pursuing his claim of informed consent.[3] The only remaining claim is one for misrepresentation. The Government has filed a Motion for Summary Judgment (Docket No. [72]) with respect to this remaining claim.

As stated above, Wooding contends that Dr. Dirksmeier and the DVA misrepresented Dr. Dirksmeier's training and experience.  This misrepresentation, Wooding explains, caused him to "first choose Dr. Dirksmeier as his surgeon and then consent to the June 13, 2001 operation ... that caused him to be seriously injured and impaired." Docket No. 77, p. 1-2.  A claim for intentional misrepresentation requires a plaintiff to prove:

> (1) a representation;
>
> (2) which is material to the transaction at hand;
>
> (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;
>
> (4) with the intent of misleading another into relying on it;
>
> (5) justifiable reliance on the misrepresentation; and
>
> (6) that the resulting injury was proximately caused by the reliance.

---

[3] I note that Wooding argues in his Memorandum of Law in Response, that I previously held that he has set forth sufficient facts that, if credited, would support a claim for bodily injury damages that were caused by intentional misrepresentation. See Docket No. 77, p. 3.  I disagree.  My previous ruling simply rejected the Government's contention that the misrepresentation claim was time barred.

See Porreco v. Porreco, 571 Pa. 61, 811 A.2d 566, 570 (2002) and Bortz v. Noon, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999).

The Government's challenge focuses upon the sixth element - proximate causation. Specifically, the Government argues that Wooding has not proffered any evidence connecting the injuries (injuries arising from the surgery which resulted in a breach to his abdominal peritoneum) to Dr. Dirksmeier's alleged misrepresentations regarding his experience and training. Wooding's counsel conceded at the Status Conference (See Docket No. [69]) that he did not have any expert testimony linking the injuries to Dr. Dirksmeier's training or experience. He makes the same concession in his Memorandum of Law in Response to Summary Judgment. See Docket No. [77], p. 4. Wooding's expert, Dr. Conomy, does speak to the nature of Wooding's injuries, but he takes care not to opine that these injuries were caused due Dr. Dirksmeier's inexperience or inadequate training or even because of a lack of supervision over Dr. Dirksmeier.

Wooding counters that such testimony is unnecessary. He urges that "[t]he Court - without any need to rely on any kind of expert - can readily determine whether [the] misrepresentation caused the plaintiff to agree to the Operation." See Docket No. [77], p. 4. He urges that "[t]he Court can do that because making such a determination is within the well settled exception to situations requiring any kind of expert, because it is within the range of experience and comprehension of even non-professional persons to make such determinations." Id.

I disagree with Wooding. The question before me is not whether the

3

misrepresentation "caused" Wooding to agree to the operation. That really is an issue of reliance - whether Wooding relied upon the misrepresentation. Here, the Government has challenged whether the *injuries* were *proximately caused* by the *misrepresentation*.

Simply stated, the link between Wooding's injuries and Dr. Dirksmeier's alleged misrepresentations is too attenuated. There is nothing in the record to indicate that Dr. Dirksmeier's alleged lack of training or experience had any proximate causal connection to the injuries Wooding suffered as a result of the surgery. Further, though Wooding appears convinced that so long as he agreed to the surgery based upon his beliefs regarding Dr. Dirksmeier's training and experience, *any injuries* he sustained as a result of that surgery, regardless of whether such injuries were proximately caused by the lack of training and experience, are recoverable, Wooding has not directed me to any case law standing for such a proposition.

Indeed, Wooding has not cited any cases where a court provides a substantive discussion of intentional misrepresentation and proximate causation. Instead, Wooding directs my attention to Grabowski v. Quigley, 45 Pa. Super. 27, 684 A.2d 610 (1996), appeal dismissed as having been improvidently granted, 553 Pa. 75, 717 A.2d 1024 (1998). The Grabowski decision does not support Wooding's position.

In Grabowski, a patient had been operated upon by a physician to whom he claimed not to have given consent. He asserted several causes of action, including a claim of battery. The trial court granted summary judgment in favor of the physician based upon the patient's failure to proffer expert medical evidence. The

4

Pennsylvania Superior Court reversed, distinguishing between claims of informed consent and battery.  The court observed that, "[u]nlike an informed consent case where it must be shown that as a result of the recommended treatment, the patient actually suffers an injury the risk of which was undisclosed, or the patient actually suffers an injury that would not have occurred had the patient opted for one of the undisclosed methods of treatment, ... it is not necessary for a plaintiff to prove such specific medical findings under a theory of battery.  Therefore, while the need for expert medical testimony is necessary in an informed consent case, it is not where the case involves battery." Grabowski, 45 Pa. Super. at 37, 684 A.2d at 615 (internal quotation marks and citations omitted).   The court noted that a battery claim is successful if it is proven that there has been an unauthorized invasion of a person's personal integrity, even if that invasion has been harmless. Grabowski, 45 Pa. Super. at 37, 684 A.2d at 615 (citations omitted). Further, a plaintiff may "'recover for all injuries proximately caused by the mere performance of the operation, whether the result of negligence or not.'" Id., quoting with approval, Perna v. Pirozzi, 92 N.J. 446, 457 A.2d 431 (1983).

I fail to understand Wooding's reliance upon Grabowski.  He states that, "[u]nlike an informed consent case, however, where - as here- a claim involves the choice of and / or right to first choose a surgeon and the[n] give their consent to surgery by that surgeon, such a claim does not require medical expert testimony." See Docket No. 77, p. 7-8, citing Grabowski.  Yet he has not asserted a claim for battery.  He has asserted a claim for intentional misrepresentation.  The Grabowski

court's holding that expert medical testimony is not required when a patient has asserted a claim for battery is simply inapplicable.

Wooding's reliance upon Taylor v. Albert Einstein Medical Center, 723 A.2d 1027 (Pa. Super. 1999), rev'd in part, 562 Pa. 176, 754 A.2d 650 (Pa. 2000) is similarly unavailing. The Taylor court also faced a fact pattern where the plaintiffs contended that consent had not been given to the physician who actually performed the procedure on the patient. The Taylor court quoted the Grabowski decision at length, analogizing the plaintiff's battery claim to the battery claim asserted in Grabowski, and then concluded, in relevant part, with the following:

> [a]s the record contains substantial credible evidence to support the battery claim based upon the lack of consent for Dr. Trinkus to perform the procedure, the case must be remanded for a new trial. For the same reasons, the claim for misrepresentation should not have been removed from the consideration of the jury.

Taylor, 723 A.2d at 1036. Wooding seizes upon this last sentence as a basis for urging that expert testimony is not necessary to demonstrate proximate causation in intentional misrepresentation claims.

His argument is unconvincing. The Taylor court does not engage in any meaningful discussion of the misrepresentation claim. I cannot discern from the decision the contours of the misrepresentation claim. Further, the Taylor court simply does not make the sweeping conclusion that Wooding suggests - that expert testimony is never required to demonstrate that injuries sustained in a surgery are proximately caused by an alleged misrepresentation by a physician. Indeed, my

6

research did not reveal any cases having cited to <u>Taylor</u> based upon its ruling on the misrepresentation claim.

As stated above, the link between the injuries Wooding suffered as a result of something which happened during the surgery and Dr. Dirksmeier's alleged misrepresentations is simply too attenuated to constitute proximate causation. Dr. Dirksmeier allegedly misrepresented his experience and credentials. Yet there is nothing in the record which indicates that his alleged inexperience or lack of credentials caused the injuries sustained during the surgery. Expert medical testimony is required to establish this causal connection. Because there is no expert testimony indicating that the injuries Wooding suffered during the surgery were proximately caused by Dr. Dirksmeier's alleged inexperience and training, the misrepresentation claim is fatally flawed. The Government is entitled to the entry of summary judgment in its favor.

THEREFORE, this **1st** day of November, 2007, after careful consideration and for the reasons set forth within, it is Ordered that the Motion for Summary Judgment (Docket No. [72 ] is GRANTED, judgment is entered in favor of the Government and against Plaintiff and this case is marked "Closed."

BY THE COURT:



/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge